**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4380**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

        v.

DEMARC T. BURTON,

               Defendant – Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, Senior District Judge.  (3:08-cr-00198-REP-2)

─────────────

Submitted:  November 20, 2009        Decided:  January 4, 2010

─────────────

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Edwin F. Brooks, EDWIN F. BROOKS, LLC, Richmond, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demarc T. Burton pled guilty pursuant to a plea agreement to six separate felony counts of possession with intent to distribute cocaine hydrochloride and marijuana, conspiracy to possess with intent to distribute cocaine hydrochloride and marijuana, possession of oxycodone, and possession of a firearm as a convicted felon. Burton subsequently moved to withdraw his guilty plea, and the district court denied his motion. At sentencing, Burton objected to the presentence investigation report ("PSR"), asserting that he should be given a mitigating role adjustment and that he should not receive an enhancement for possession of a firearm with an obliterated serial number. The district court denied both objections and sentenced Burton to 151 months in prison. On appeal, Burton contends that the district court erred in denying his motion to withdraw his guilty plea and his objections to the PSR. Finding no error, we affirm.

Burton first challenges the district court's denial of his motion to withdraw his guilty plea, alleging that he did not knowingly and voluntarily enter his plea. Burton claims that he was not informed fully about certain mitigating evidence or the existence of a motion to continue filed by his counsel, and that his responses to the inquiries at the Fed. R. Crim. P. 11 hearing were given at the direction of counsel.

2

This court reviews a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. See United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007). The defendant bears the burden of demonstrating "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A "fair and just" reason "is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

When determining whether a defendant has articulated a fair and just reason, this court looks to six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991); see also United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995) (explaining that not all factors are of equal weight, and that "[t]he factors that speak most straightforwardly to the question whether the movant has a fair and just reason to upset settled systemic expectations by withdrawing her plea are the first, second, and fourth"). However, "[t]he most important consideration in resolving a motion to withdraw a guilty plea is

3

an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003). "[A] properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." Id. Where a Rule 11 hearing is properly conducted, it raises "a strong presumption that the plea is final and binding." Lambey, 974 F.2d at 1394.

A review of the record shows that, aside from Burton's self-serving statements, there is nothing to indicate that his plea was not knowing or voluntary. At a hearing on the motion to withdraw, Burton's former counsel testified that he had advised Burton about the relevant mitigating evidence. The district court made a credibility determination and chose to believe the attorney's testimony over Burton's. Moreover, at the plea hearing, after being informed that if he were untruthful at the hearing he would be subject to perjury charges and that he would be bound by the statements he made, Burton stated that he had discussed everything he needed to with his attorney, that he was satisfied with his attorney's services, that everything in the statement of facts was correct, and that he was pleading guilty because he was, in fact, guilty of those charges. These assertions may not easily be repudiated. Lambey, 974 F.2d at 1395.

Burton also failed to credibly assert his innocence, and made no more than conclusory allegations that he was not guilty of any of the charges. The record, including Burton's statements at the Rule 11 hearing, also flatly refutes Burton's contention that he did not receive the close assistance of competent counsel. Accordingly, we conclude that the district court did not abuse its discretion by denying Burton's motion to withdraw his guilty plea.

Burton also challenges the district court's denial of his objections to the PSR. First, Burton argues that he should have received a mitigating role adjustment because the evidence pointed only to his alleged co-conspirator as a drug trafficker. This court reviews the district court's determination of a defendant's role in a criminal offense for clear error. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). Under § 3B1.2 of the Sentencing Guidelines Manual, a defendant's offense level may be decreased by four levels if he was "a minimal participant in any criminal activity," two levels if he was a minor participant, and three levels if his conduct falls between minimal and minor participation. U.S. Sentencing Guidelines Manual ("USSG") § 3B1.2 (2008). A minimal participant is "substantially less culpable than the average participant," such as where a defendant lacks "knowledge or understanding of the scope and structure of the enterprise and

of the activities of others." USSG § 3B1.2 cmt. nn.3(A), 4. This adjustment, however, is intended to be used infrequently. USSG § 3B1.2 cmt. n.4. A minor participant is one who "is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2 cmt. n.5. A defendant bears the burden of proving that he is entitled to a mitigating role adjustment by a preponderance of evidence. United States v. Pratt, 239 F.3d 640, 645 (4th Cir. 2001). The relevant inquiry for the court in making this determination not only compares "the defendant's culpability to that of other participants," but also measures the individual acts of each participant and the "relative culpability against the elements of the offense of conviction." United States v. Reavis, 48 F.3d 763, 769 (4th Cir. 1995) (internal quotation marks omitted).

The district court found that Burton's arguments in favor of the adjustment were no more than an attempt to relitigate the motion to withdraw the guilty plea, and directly contradicted the Statement of Facts Burton signed. As the court correctly noted, the Statement of Facts showed Burton's awareness of all the drugs and the firearms, contained an admission of a prior connection with his co-conspirator and the recovered firearms, and showed him to be an active participant in the offenses of conviction. Thus, the district court did not clearly err in refusing to award a mitigating role adjustment.

6

Burton also asserts that the district court erred in applying an enhancement for possession of a firearm with an obliterated serial number because he had no knowledge of the weapons or the obliterated serial number. The Guidelines provide for a four-level enhancement if a firearm had an altered or obliterated serial number. USSG § 2K2.1(b)(4). The accompanying commentary specifically states that the enhancement applies "regardless of whether the defendant knew or had reason to believe that the firearm . . . had an altered or obliterated serial number." USSG § 2K2.1(b)(4) cmt. n.8(B); see also United States v. Statham, 581 F.3d 548, 553 (7th Cir. 2009) (stating that the defendant need not have known that the serial numbers had been removed from the weapons for the enhancement to apply); United States v. Brown, 514 F.3d 256, 269 (2d Cir. 2008) (finding that the strict liability nature of this provision reasonably imposes the burden on the felon to ensure the number is not obliterated, and that such a burden does not violate due process); cf. United States v. Mobley, 956 F.2d 450, 452-53 (3d Cir. 1992) (finding that the language of the enhancement contained no scienter requirement, and no such requirement would be read into the provision). Burton admitted in the Statement of Facts that he possessed a handgun with an illegible serial number, and as a result, the district court did not err in applying the enhancement to Burton's sentence.

7

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED